UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY DONELL PASSMORE,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS ADR,<br>Defendant. | Case No. 26-10183<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (ECF NO. 3) AND DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY (ECF NO. 8)**

## I.    Introduction

Anthony Donell Passmore ("Passmore") proceeding pro se, initiated this civil action against defendant American Express ADR ("American Express" or "defendant") in the Third Circuit Court for the County of Wayne, Michigan alleging violations of the Federal Reserve Act ("FRA") and the Equal Credit Opportunity Act ("ECOA"). American Express removed the case to this Court and moved to dismiss Passmore's complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon

which relief may be granted. ECF Nos. 1, 3. The motion is fully briefed[1],

and the Court finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2).

For the reasons that follow, the Court grants American Express's motion.

## II.    Factual Background

Passmore's complaint is sparse. He alleges that he applied for an

American Express credit card in June 2025, and his application was denied

because American Express was unable to access his consumer credit

report. *See* ECF No. 1-1, PageID.6. Without providing any facts, Passmore

asserts that American Express failed to provide consideration in exchange

for his social security number, and the reason for the denial of his

application is vague and violates the ECOA and FRA. Passmore is seeking

---

[1] Passmore also moved for leave to file a sur-reply. ECF No. 8. The general rule is that a non-moving party has no right to respond to a reply brief, and thus the applicable local rule does not allow for a sur-reply. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008); E.D. Mich. LR 7.1. Because the moving party is entitled to the last word on the matter, sur-replies are highly disfavored when the moving "party's reply did not raise any new legal arguments or introduce new evidence." *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012). Although Passmore argues that American Express raised new arguments in its reply, the Court disagrees. His request to file a sur-reply is **DENIED.**

damages of $25,000 per day and the issuance of an American Express credit card with a $200,000 limit.

American Express argues that Passmore's complaint should be dismissed for failure to state a claim under the ECOA, and states that FRA does not create a private cause of action.

### III.   Analysis

### A. Standard of Review

The court must read a pro se complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). All complaints, however, must plead facts sufficient to show that a legal wrong has been committed from which the plaintiff may be granted relief. *See* Fed. R. Civ. P. 12(b)(6). A complaint need not contain "detailed factual allegations," however, a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

To avoid dismissal under Federal Rule 12(b)(6), a plaintiff's well-pleaded factual allegations must "allow [ ]the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (alteration in original) (quoting *Ashcroft*, 556 U.S. at 679).  In reviewing a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff. *See Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023). The Court also must "accept all of the complaint's factual allegations as true and determine whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Twombly*, 550 U.S. at 555-56). But pleadings that are no more than legal conclusions are not entitled to the assumption of truth. *See Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3. Generally, whether a plaintiff has sufficiently pled its claim depends on the factual allegations within the four corners of the plaintiff's complaint. *See Caraway v. Corecivic of Tenn., LLC.*, 98 F.4th 679, 687-88 (6th Cir. 2024).

## B. Discussion

### i. ECOA

The ECOA prohibits creditors from discriminating against an applicant "with respect to any aspect of a credit transaction--(1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract); (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a) (emphasis added). "Within thirty days (or such longer reasonable time as specified in regulations of the Bureau for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." 15 U.S.C. § 1691(d)(1). Moreover,

> Each applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor. A creditor satisfies this obligation by—
>
> (A) providing statements of reasons in writing as a matter of course to applicants against whom adverse action is taken; or
>
> (B) giving written notification of adverse action which discloses (i) the applicant's right to a statement of reasons within thirty days after receipt by the creditor of a request made within sixty days after such notification, and (ii) the identity of the person or office from which such statement may be obtained. Such statement may be given orally if the written notification advises the applicant of his right to have the

> statement of reasons confirmed in writing on written request.

15 U.S.C. § 1691(d)(2).

Defendant argues several reasons why Passmore has failed to state a claim under the ECOA. *See generally* ECF No. 8. However, the Court need only address one – the complaint does not set forth the elements of an ECOA claim. Passmore only satisfies one element needed to properly plead his case under the ECOA: he applied for credit from defendant. Passmore does not allege he was discriminated against based on "race, color, religion, national origin, sex or marital status, or age[,]" 15 U.S.C. § 1691(a)(1), or "because all or part of the [his] income derives from any public assistance program[,]" 15 U.S.C. § 1691(a)(2), or "because [he] has in good faith exercised any right under this chapter." 15 U.S.C. § 1691(a)(3). And as American Express correctly notes, Passmore has not pleaded facts that show he is a member of a protected class, that he was qualified for the credit he was applying for, and that his application was denied despite his qualification. Indeed, the reason for the denial given by American Express was that it could not access Passmore's consumer credit report. This reason, although perhaps a bit more succinct than

Passmore would like, suggests that American Express had legitimate, non-discriminatory reasons for denying his application.

Passmore's complaint is devoid of facts, and what little information he does provide does not include any allegations that his application was denied for any discriminatory reasons. Without more, his claim for violations of the ECOA fails to satisfy the basic pleading standard of Fed. R. Civ. P. 8 and fails to state a claim upon which relief may be granted.

### ii. FRA

Passmore's claim under Section 16 of the FRA also fails. American Express argues, and the Court agrees, that Section 16 of the FRA does not provide him with a private right of action and cannot serve as a basis for federal question jurisdiction. *Payne v. Spectrum*, 2023 WL 8681199, at *2 (W.D. Tex. Dec. 15, 2023) (report and recommendation), *adopted*, 2024 WL 4554089 (W.D. Tex. Oct. 21, 2024). "Section 16 concerns the issuance of federal reserve notes to federal reserve banks." *Id.* (citing 12 U.S.C. § 411). This section does not apply to Passmore as a private individual, and "district courts across the country have repeatedly rejected attempts to invoke these provisions as a private cause of action." *Id*. (citing *White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. July 14,

2023) (collecting cases). *See also Maxwell v. Synchrony Fin.*, 2024 WL 3554954, at \*4 (N.D. Ohio July 26, 2024); *Thomas v. Wells Fargo Bank*, 2024 WL 478068, at \*6 (S.D. Ala. Jan. 12, 2024) (report and recommendation), *adopted*, 2024 WL 474903 (S.D. Ala. Feb. 7, 2024).

### iii. Request to Amend

Finally, in his response opposing American Express's motion to dismiss, Passmore alternatively requests leave to amend his complaint "to cure any deficiencies. ECF No. 4, PageID.24. Notably, under Civil Rule 15(a)(1)(B), Passmore could have filed an amended complaint as a matter of course within 21 days of service of American Express's motion to dismiss "to fix any technical or other easily correctable deficiency of the complaint identified in [the defendant's] motion to dismiss." *Crone-Schierloh v. Hammock*, 2013 WL 12123903, at \*3 (S.D. Ohio May 22, 2013); *see also* Fed. R. Civ. P. 15(a)(1)(B). But he did not do so. Nor did he attach a proposed amended complaint with his request for leave to amend, as required by the Local Rules. *See* E.D. Mich. LR 15.1.

Moreover, "[a] threadbare request to amend a complaint appended to the end of a response to a successful motion to dismiss is disfavored, because the Court has none of the information necessary to determine

whether the amended complaint could survive a second motion to dismiss."

*Kieffer v. Planet Fitness of Adrian, LLC*, 2017 WL 3581315, at *5 (E.D.

Mich. Aug. 18, 2017). Thus, Passmore's request for leave to amend his

complaint will be denied.

## IV.   Conclusion

For these reasons, the Court **GRANTS** American Express's motion to

dismiss (ECF No. 3) and **DISMISSES** Passmore's complaint (ECF No. 1).

As mentioned above, Passmore's motion for leave to file a sur-reply (ECF

No. 8), and his request to amend his complaint are **DENIED**. This case is

now closed.

**IT IS SO ORDERED**.

s/ Shalina D. Kumar
SHALINA D. KUMAR

Dated: June 30, 2026                         United States District Judge